

**WALSH PIZZI O'REILLY FALANGA**

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

May 20, 2022

**VIA ECF**
Hon. Julien Xavier Neals, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:   *In re: Copaxone Antitrust Litigation*, Master Docket No. 22-01232 (JXN/JSA)
              This Document Relates To: All Actions

Dear Judge Neals:

      This firm, along with Goodwin Procter LLP, represents Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), Teva Pharmaceuticals USA, Inc., Teva Neuroscience, Inc., and Teva Sales & Marketing, Inc. (collectively, "Teva" or "Defendants") in connection with the above-referenced matters. We write on behalf of Defendants to respectfully request an extension of the page limits for the briefing on Teva's forthcoming Motions to Dismiss, which pursuant to the April 7, 2022 Stipulation and Order, are due on June 15, 2021. *See* Dkt. 23. The parties met and conferred with Plaintiffs on this issue, and despite a good faith effort the parties did not reach an agreement on an appropriate page extension. Plaintiffs provided Defendants with their position to include in this submission, which is reflected below. Defendants therefore respectfully request that the Court set page limits for the upcoming briefing.

      As the Court knows, on March 7, 2022, Plaintiffs FWK Holdings, LLC, KPH Healthcare Services, Inc., Meijer, Inc., and Meijer Distribution, Inc., (the "Direct Purchaser Plaintiffs") filed a putative class action complaint against Defendants. Additionally, on April 29, 2022, Plaintiffs Mayor and City of Baltimore, Labor Management Health Care Fund, and New York State Teamsters Counsel Health and Hospital Fund (collectively, the "Third-Party Payor Plaintiffs") filed an amended consolidated putative class action complaint against Defendants.

      Defendants will be filing motions to dismiss the Direct Purchaser Plaintiffs and Third-Party Payor Plaintiffs' (collectively, "Plaintiffs") Complaints pursuant to Fed. R. Civ. P. 12(b)(6).

**Defendants' Position:**

      In order to fully and effectively present the multiple grounds for Teva's motions to dismiss, Defendants respectfully requests the following page limit extensions for the briefing on its forthcoming motions to dismiss: (1) not more than 75 pages for each of its opening briefs, (2) not more than 75 pages for each of Plaintiffs' opposition briefs, and (3) not more than 35 pages for each of Defendants' reply briefs; with all such briefing satisfying the font and formatting requirements of Local Civil Rule 7.2.


Hon. Julien Xavier Neals, U.S.D.J.
May 20, 2022
Page 2

The Direct Purchaser Plaintiffs' complaint, which spans 74 pages, places at issue numerous different aspects of Teva's alleged conduct concerning the drug Copaxone over more than a decade. It ultimately brings three counts, solely under federal law, alleging: (1) improper exclusive dealing in violation of the Sherman Act Section 2; (2) an overarching scheme to monopolize in violation of the Sherman Act Section 2, which is premised on five subcategories of alleged conduct, and (3) violation of the RICO Act, 18 U.S.C. § 1962(c), based on allegations that Teva supposedly funneled improper copay subsidy payments to Medicare patients through third-party foundations. The Third-Party Payor Plaintiffs' amended complaint spans 76-pages and raises similar factual allegations as the Direct Purchaser Plaintiffs' complaint, but advances almost entirely distinct claims, since indirect purchasers cannot pursue actions for damages under the Sherman Act. Plaintiffs raise claims under the antitrust laws of 24 different states or territories and claims under the consumer protection laws of 7 additional states. They also seek injunctive relief under federal law.

Both of the Plaintiffs' Complaints in this matter raise numerous distinct issues that were not presented in briefing in the earlier-filed *Mylan Pharmaceuticals Inc. v. Teva Pharmaceuticals Industries Ltd., et al.*, No. 21-cv-13087 (JXN-JSA) ("Mylan Action"), which also challenges Teva's alleged conduct regarding Copaxone. As a result, the briefing here will require a substantial amount of additional analysis to comprehensively set forth Defendants' varied basis for dismissal of Plaintiffs' Complaints.

For example, the Direct Purchaser Plaintiffs' complaint not only alleges complex violations of the Sherman Act, but also brings a RICO claim The RICO claim raises several distinct issues, as it alleges that Defendants and their co-conspirators "designed and coordinated illegal kickbacks" as part of an alleged "Copaxone Enterprise" to "increase brand Copaxone sales, including through a conspiracy to defraud payors such as Plaintiffs and Class members." Proper analysis of a RICO claim involves numerous issues not presented by Mylan's antitrust claims, including whether Plaintiffs have plausibly alleged a RICO enterprise, RICO predicate acts, and causation under RICO. In addition, recognizing that their decision to wait to file suit poses a significant statute of limitations issues for the scope of their claims, Plaintiffs have raised allegations of fraudulent concealment in an effort to toll the limitations period, which was not at issue in the Mylan Action.

For its part, the Third-Party Payor amended Complaint alleges complex violations of both federal and state antitrust laws and state consumer-protection laws. In fact, the Third-Party Payor complaint raises claims under the laws of 31 different states or territories, presenting significant state-law specific issues that Defendants must address in their motion to dismiss, none of which were at issue in the Mylan Action. The motion to dismiss will also present an important threshold question of Article III standing concerning whether named plaintiffs have standing to assert claims under the laws of states where they did not suffer any injury. *See, e.g., In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.*, 2022 WL 736250, at *16-18 (D. Del. Mar. 11, 2022) (Stark, J.) (surveying decisions from multiple circuits on the question, and holding that plaintiffs lacked standing to pursue such claims).

As the Court will recall, the Court resolved a dispute concerning a page-limit extension in the Mylan Action. (Dkt. 28, 29, 30, 31, 32, and 34). In that case Teva ultimately requested 80 pages for its opening brief for its Rule 12(b)(6) motion, while Mylan asserted that an increase to only 50 pages was appropriate. *Id.* Dkt. 32. This Court issued an order setting a limit of 65 pages for the parties' opening briefs on the Rule 12(b)(6) motion 25 pages for the reply brief. In view of the Court's order, and notwithstanding Defendants' view that the page limits articulated above

Hon. Julien Xavier Neals, U.S.D.J.
May 20, 2022
Page 3

would be appropriate, Defendants sought Plaintiffs' consent to a compromise page-limit extension mirroring this Court's previous order: 65 pages, 65 pages, and 25 pages for the moving, opposition, and reply briefs, respectively. Plaintiffs did not consent and instead proposed a page limit of no more than 50 pages for opening and opposition briefs, and 25 pages for Defendants' reply briefs.

Defendants respectfully submit that, as in the Mylan Action, Plaintiffs' proposal is insufficient to permit Defendants to fully respond to the each of the complaints' extensive, complex, and varied legal and factual allegations in a manner that is helpful to the Court's resolution of the motions to dismiss. Plaintiffs' suggestion that the extension is not necessary because this Court is already familiar with the issues from the Mylan Action is not persuasive. Although certain of the factual and legal allegations in the Mylan Action overlap with those in the Plaintiffs' Complaints here, Teva cannot simply incorporate by reference briefing from the Mylan Action, which involves a different set of plaintiffs, a different complaint, and which action is not consolidated or even coordinated with this action. Moreover, as set forth above, Defendants' motions will need to address numerous significant and complex issues that were not presented in the Mylan action.

Thus, while Defendants will make every effort to be as concise as possible, Defendants respectfully submit that there is good cause for the requested page-limit extensions for the anticipated Motions to Dismiss.

**Plaintiffs' Position:**

In response to Teva's request, Plaintiffs explained that Teva's proposal to nearly double the number of pages for its motion to dismiss briefing, which would result in the parties submitting 310 pages of briefing to the Court, was not warranted, particularly given the Court's familiarity with the issues from the recent Mylan v. Teva briefing. Although Plaintiffs do not believe that any extension of the page limits is warranted, in the interest of compromise, and in the hopes of avoiding burdening the Court with this dispute, Plaintiffs proposed to extend the page limits such that Teva would have an additional 20 pages for its opening briefing (i.e., 10 per plaintiff group). Plaintiffs further agreed to accept Teva's proposal regarding the page limit extension for its reply briefs. Plaintiff's page limit proposal (i.e., 50/50/25) would afford Teva an additional 40 pages of briefing beyond that contemplated by the rules.

Teva rejected Plaintiffs' offer of compromise, and indeed stated that if Plaintiffs would not assent to 310 pages of briefing, Teva would instead request that the Court grant the parties 370 pages of briefing, i.e., 75 pages for Teva's opening brief, presumably a commensurate extension for Plaintiffs' opposition briefs, and 35 pages for Teva's reply briefs.

Plaintiffs do not believe 370 pages of briefing is warranted, nor is it a good use of the Court's (or the parties') limited time and resources. Plaintiffs remain willing to agree to a reasonable extension to 50 pages for opening and opposition briefs and 25 pages for reply briefs, but respectfully decline to agree to an extension of the page limits beyond those parameters.

\* \* \*

We thank the Court for its consideration of this request and are available should Your Honor or your staff have any questions or require anything further. If the Defendants' requested

Hon. Julien Xavier Neals, U.S.D.J.
May 20, 2022
Page 4

page-limit extension is acceptable to the Court, we respectfully request that the Court "So Order" this letter and place it on the docket in the above matter.

                                                                             Respectfully submitted,

                                                                             *s/Liza M. Walsh*

                                                                             Liza M. Walsh

cc: Counsel of Record (via ECF and Email)

SO ORDERED this 1st day of June, 2022

        Defendants shall have 75 pages for their motion to dismiss moving briefs, Plaintiffs' shall have 75 pages for their opposition briefs, and Defendants shall have 35 pages for their reply briefs.

_____
Hon. Julien Xavier Neals, U.S.D.J.