

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

July 13, 2023

**VIA ECF**
Hon. Jessica S. Allen, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

  **Re:** *Mylan Pharms. Inc. v. Teva Pharms. Indus. Ltd., et al.*, Civil Action No. 2:21-cv-13087 (JXN-JSA)

   *In re Copaxone Antitrust Litig.*, Civil Action No. 2:22-1232 (JXN-JSA)

Dear Judge Allen:

  This firm, along with Goodwin Procter LLP, represents Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Teva Neuroscience, Inc., and Teva Sales & Marketing, Inc. (collectively, "Teva") in the above-referenced matters. We write in response to Plaintiff Mylan Pharmaceuticals, Inc.'s June 27, 2023 letter to the Court. Consistent with this Court's prior rulings and with Teva's previously stated position throughout Phase 1 of discovery, Teva respectfully submits that Phase 2 discovery should not proceed until the Court issues its decision on the pending motions to dismiss in these coordinated cases, which Teva submits is likely to result in either complete dismissal of these actions or at the very least a dramatic simplification of the issues and, therefore, a significantly narrowed scope of discovery.

  For the ***fifth*** time, Mylan seeks to proceed to Phase 2 of discovery despite the Court having repeatedly and consistently rejected Mylan's prior requests to do so prior to a ruling on Teva's pending motions to dismiss. April 28, 2022 Hearing Tr., p. 28 ("[W]e're not going to do any full-blown discovery at this point."); July 27, 2022 Text Order, ECF 84 ("Mylan's request to commence Phase Two discovery at this time is DENIED."); Sept. 12, 2022 Hearing Tr., p. 17 (Mylan sought to proceed with Phase 2 and the Court ordered negotiation of outstanding Phase 1 issues); Nov. 4, 2022 Hearing Tr., pp. 4, 27, 29 ("Mylan is again requesting to proceed to phase two discovery something I've addressed on more than one occasion… I'm gonna deny [Mylan's] request again to proceed to phase two discovery for now."). The Court reiterated its position on Phase 2 discovery in its February 14, 2023 order in the then-coordinated antitrust cases, that "[c]onsistent with this Court's prior rulings denying the request to proceed with Phase 2 discovery in the Mylan Action at this time… any unresolved disputes concerning Phase 2 discovery . . . shall be addressed when Phase 2 discovery commences." Feb. 14, 2023 Order, ECF 109, p. 2. Nothing has changed to warrant a different outcome here, and Mylan offers no justification for doing so other than the passage of time, which Mylan has previously raised and the Court has

Hon. Jessica S. Allen, U.S.M.J.
July 13, 2023
Page 2

rejected multiple times before. *See*, *e.g.* July 15, 2022 Mylan Letter, ECF 75 at 2; July 27, 2022 Text Order, ECF 84 (denying Mylan's request).

In support of most recent renewed request, Mylan relies on a recent Order denying a motion to stay discovery in *United Healthcare Services, Inc. v. Teva Pharm. USA, Inc., et al.*, 22-cv-6643, ECF 46, to argue that "there is no valid basis to hold discovery in abeyance any further" and to support its request that Your Honor reverse prior rulings declining to open Phase 2 discovery.[1] The *United Healthcare* Order is not controlling here for several reasons. As an initial matter, the *United Healthcare* matter is factually and legally distinguishable in that it implicates only a fraction of the far-reaching and expansive antitrust allegations asserted by Mylan and the class plaintiffs here. In fact, the *United Healthcare* complaint raises only claims regarding alleged RICO violations and unlawful kickbacks related to Teva's donations to charitable organizations, which are only one of several prongs of the Mylan allegations here. This Court has already recognized that "antitrust discovery is extremely expensive," and in light of the specific allegations in Mylan's pleading and in consideration of Teva's pending motions to dismiss, found that the phased discovery was the appropriate middle-ground in this case. Feb. 22, 2022 Hearing Tr. 16; *see also Bell Atl. Corp. v.* Twombly, 550 U.S. 544, 558 (2007). Moreover, Your Honor retains broad discretion to direct discovery in this case and is not bound by the ruling in another matter such as *United Healthcare*, especially when the scope of allegations in this matter far exceed those in *United Healthcare*. *See Kamden-Ouaffo v. Task Mgmt. Inc.*, No. 17-7506, 2018 WL 11463833, at *2 n.1 (D.N.J. May 8, 2018).

Undeterred by and despite this Court's prior rulings, Mylan recently served further requests for production and requested Teva's position on the production of additional categories of documents and data prior to a ruling on the motions to dismiss. Despite Teva's objection to proceeding beyond Phase 1 discovery at this time and in an effort to avoid burdening the Court with a dispute, Teva met and conferred with Mylan concerning its additional document requests and is engaged in a good faith investigation to ascertain the scope of available, responsive materials and the burden of collecting and producing the requested materials. Teva's willingness to investigate in an effort to avoid burdening this Court, however, is not a proper basis for Mylan to ignore this Court's prior rulings denying Mylan's requests to open Phase 2 discovery, and Teva respectfully submits that Mylan's attempts to initiate self-help should not be condoned.

Finally, in an attempt to support its most recent request to open Phase 2 discovery, Mylan tries to minimize the expansive discovery that Teva has already undertaken in Phase 1. Specifically, Teva produced almost 300,000 documents and 1 million pages during Phase 1 discovery. Moreover, the parties also (i) negotiated and agreed to an ESI protocol and a Discovery Confidentiality Order; (ii) exchanged initial disclosures; and (iii) exchanged proposed Phase 2 custodians and engaged in negotiations regarding additional custodians. As the Court contemplated, the parties have, in fact, made progress in discovery, and Mylan has not offered any new justification for why Phase 2 should proceed now while the parties await the Court's considered decision on Teva's pending motions to dismiss.

---

[1] Notably, the cases relied upon in *United Healthcare* were available to Mylan previously, yet Mylan failed to cite them. Nevertheless, those cases do not lend any more support to Mylan's latest request to open Phase 2 discovery than the recent *United Healthcare* decision.

Hon. Jessica S. Allen, U.S.M.J.
July 13, 2023
Page 3

   In light of the foregoing, Teva respectfully requests that the Court again deny Mylan's request to proceed to Phase 2 of discovery prior to a ruling on the pending motions to dismiss. Teva appreciates the Court's consideration of this submission and looks forward to discussing these issues with the Court during the next status conference.

                Respectfully submitted,

                *s/Liza M. Walsh*

                Liza M. Walsh

cc: Counsel of Record (via ECF and Email)