

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

December 5, 2023

**VIA ECF**
Hon. Julien Xavier Neals
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Hon. Faith Hochberg
Special Master
judgehochberg@judgehochberg.com

        **Re:** *In re Copaxone Antitrust Litig.*, **Civil Action No. 2:22-1232 (JXN-JSA)**

Dear Judge Neals and Judge Hochberg:

        This firm, along with Goodwin Procter LLP, represents Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Teva Neuroscience, Inc., and Teva Sales & Marketing, Inc. (collectively, "Teva") in the above-referenced matter.  As you are aware, currently before this Court is Teva's Motion to Dismiss the Complaint (ECF No. 1) by the Third-Party Payors ("TPPs") under Rule 12(b)(6) (ECF 41).  We are writing to respond to the letter dated November 28, 2023, submitted by TPPs (ECF 112) ("TPP Letter") regarding *Mayor and City Council of Baltimore v. Merck Sharp & Dohme Corp.*, No. 23-cv-828 (E.D. Pa. Nov. 20, 2023).[1]  As explained below, the *Merck* decision discussed in the TPP Letter does not support allowing this case to move forward.

        **Standing:**  TPPs rely on the *Merck* decision's finding that named plaintiffs may pursue state-law claims for jurisdictions where they did not make relevant purchases themselves.  Teva disagrees with the reasoning offered by the *Merck* court, and as Teva acknowledges in its briefing, the district courts within the Third Circuit are split on this precise issue.  Judge McHugh's *Merck* decision simply reiterates the conclusion he reached in earlier cases without engaging with the authority on the other side.  *See*, *e.g.*, *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.,* 2022 WL 736250 (D. Del. Mar. 11, 2022) ("[T]he fact that the named plaintiffs incurred injuries in … 15 states does not confer on them Article III standing in states beyond the 15.").  Moreover, the Third Circuit has expressly held that the Article III standing requirements must be met the "moment the complaint is filed." *Neale v. Volvo Cars of N. Am.*, LLC 794 F. 3d 353, 794 (3d Cir. 2015).  To do so, "[n]amed plaintiffs . . . must allege and show that they *personally* have been injured" for each claim they put forward; it is not enough to invoke injuries "suffered by other, unidentified members of the class," as TPPs seek to do here.  *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 634 (3d Cir. 2017) (marks and citation omitted; emphasis added).  The *Merck* decision does not supplant binding Third Circuit precedent or more persuasive district court decisions within and outside of the Third Circuit on this issue.

---

[1] The *Merck* decision is attached as **Exhibit A** to the TPP's November 28, 2023 letter.  ECF 112-1.

Hon. Julien Xavier Neals, U.S.D.J.
Hon. Faith Hochberg, U.S.D.J.( ret.)
December 5, 2023
Page 2

**Claims Under State Consumer Protection Laws:** TPPs refer to the *Merck* court's statement that state antitrust laws are "generally" interpreted in parallel to the federal antitrust law and that antitrust allegations are "generally" sufficient to support consumer protection claims. But those findings say nothing about whether TPPs have satisfied their pleading burden for the specific state-law claims asserted here.

Similarly, while the *Merck* court holds that allegations of a nationwide sale of products satisfies the nexus requirement for *certain* state consumer protection statutes at issue in that case, the court does not engage with or distinguish any of the rulings to the contrary regarding the California and Florida statutes – the jurisdictions at issue in TPPs' case. Mot. (ECF 41) at 45-47; Reply (ECF 70) at 34-35.

TPPs point to the *Merck* court's rulings regarding whether entities like TPPs may bring claims that apply to consumers or persons. Here, the only relevant TPP claims are Hawaii and Vermont state-law claims. Moreover, for the claims under Hawaii and Vermont consumer protection statutes, the *Merck* Court did not address persuasive authority that found that businesses cannot assert claims on behalf of consumers for whom they purchased product. Mot. (ECF 41) at 32, 37; Reply (ECF 70) at 26, 29.

TPPs also cite the *Merck* decision to support the proposition that the Florida Deceptive and Unfair Trade Practices Act is not subject to the Rule 9(b) pleading standard. But that is because the claims at issue in *Merck* were not premised on deceptive and fraudulent conduct; here, the relevant claims do allege deceptive and fraudulent conduct against the Defendants, which triggers the Rule 9(b) heightened pleading requirement. Mot. (ECF 41) at 41 (citing Consol. Compl. ¶¶ 239, 241).

**Claims Under State Antitrust Laws:** TPPs refer the Court to the *Merck* decision's conclusion that the Illinois Antitrust Act permits class-action claims by indirect purchasers under federal law. But that ruling is inconsistent with the majority view across districts in the Third Circuit and also conflicts with other decisions in the District of New Jersey. *See* Mot. (ECF 41) at 19-20.

With respect to the Utah Antitrust Act claims, TPPs refer to the *Merck* decision to claim that the named plaintiffs need not be citizens or residents of Utah to bring claims on behalf of absent class members. The *Merck* court acknowledged a split of authority on the issue and deferred a ruling until the class certification stage. Defendants respectfully urge the Court to dismiss now by applying the majority rule, which requires one named plaintiff be a citizen or resident of Utah. *In re Effexor Antitrust Litig.*, 357 F. Supp. 3d 363, 393 (D.N.J. 2018); *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 419 (D.N.J. 2018).

\* \* \* \* \*

We thank the Court for its attention to this matter and are available should Your Honor or Your Honor's staff have any questions or need anything further.

Respectfully submitted,

*s/Liza M. Walsh*

Liza M. Walsh

cc: Counsel of Record (via ECF and Email)