UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE COPAXONE ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Civil Action No. 2:22-cv-01232 (JXN) |

**STIPULATION AND ORDER REGARDING CERTAIN EXPERT WITNESS DISCOVERY**

The parties hereto, through their respective counsel of record, hereby stipulate to the following regarding the scope of expert discovery and testimony relating to all testifying experts, including all class certification and merits experts, in the above-captioned matter and all other matters subsequently consolidated with them, subject to approval by the court.

1. Except as otherwise provided herein, expert discovery shall be governed by the Federal Rules of Civil Procedure ("FRCP"), including FRCP 26, and any other applicable Rule or subsequent Order of the Court. Neither the terms of this Stipulation nor the parties' agreement to them shall be an admission by any person that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

2. The parties' production of expert reports in this litigation shall be limited to the final reports of the parties' experts.

3. Each expert witness's report shall disclose:

    a. A complete statement of all opinions to be expressed by the expert and the basis and reasons therefor,

    b. A complete statement of the witness's qualifications, including a copy of the expert's curriculum vitae listing all publications authored by the expert within the proceeding ten (10) years;

1

    c. A list of cases, including the name of the case, the court, and docket number, in which the expert has testified in the past four (4) years;

    d. A list of all documents, data and other information relied upon by the expert in reaching their opinions; and

    e. A statement of the hourly rate charged by the expert for the expert report and testimony in the case.

4. Within three (3) business days of service of a report, the party submitting such a report shall produce:

    a. all documents and data that a party's testifying expert(s) relied upon in formulating the expert's opinion that were not already produced in the above captioned litigation, or are not publicly available materials. All documents should be produced electronically (via email, disk, or FTP site) where feasible. Notwithstanding the foregoing, a party need not produce, but must nevertheless identify in his/her report: (i) transcripts of depositions taken in this Action, by name of deponent and date of deposition; (ii) exhibits from depositions, and (iii) documents and data produced in this Action that a party's testifying expert(s) relied upon in formulating the expert's opinion. In the case of documents and data produced in the above-captioned litigation or publicly available material relied upon by the expert in preparing his or her report, the party submitting the report shall identify such material with particularity, including identifying the Bates numbers of any document and/or data produced.

    b. notes of interviews conducted by or on behalf of an expert (such as interviews of current or former employees of a party), if the expert relied upon the interview(s) and/or notes(s) in formulating his or her opinion;

    c. native (e.g., Excel) versions of all charts, tables, or exhibits, to the report itself, if they contain or reflect data or calculations;

    d. electronic versions of all analysis, data documentation, and all data files relied upon by the expert in preparing his or her report, sufficient to allow the replication of all analysis contained in the report, where applicable, and not otherwise readily or cost-effectively obtainable from other available sources;

    e. A list of all non-commercially available applications or databases used by the expert; the parties agree, absent an enforceable restriction by a third-party, to share access to and use of any such application(s);

    f. a list of three (3) available dates for the deposition of the expert witness submitting an expert report, subject to change with reasonable notice and an opportunity to meet and confer regarding alternate dates.

5. The following categories of documents and other communications are excluded from discovery by any party and an expert may not be examined at deposition, hearing or trial on the contents of the below-listed categories of documents and other communications, unless the expert specifically has relied, or will rely, upon any such documents, facts, data, information, material or communications, which have not already been produced in this litigation, in formulating his or her ultimate opinions:

   a. any notes or other writings taken or prepared by or for an expert witness by other expert witnesses or non-testifying expert consultants, including their staffs, or attorneys for the party or parties (aside from interview notes as described in 2(b) above, the written expert report(s) and notes generated while testifying);

   b. the content of any oral or written communications with the expert witness, other expert witnesses, or non-testifying expert consultants, including their staff, or attorneys for the party or parties;

   c. any draft reports, draft studies, draft work papers, draft declarations, or other draft materials prepared by, for, or at the direction of an expert witness, other expert witnesses, or non-testifying expert consultants, including their staff, or attorneys for the party or parties, regardless of the form in which the draft is recorded; and

   d. the content of any oral or written communication with the expert witness, other expert witnesses, or non-testifying expert consultants, including their staff, or attorneys for the party or parties related to compensation for the expert's work, opinion, study, or testimony in this litigation.

6. Notwithstanding paragraph 5 above, a party may examine an expert on materials considered but not relied upon, alternative analyses, methodologies, or approaches to issues on which the expert is testifying regardless of whether the expert considered them in forming the expert's opinions, and on any matter not excluded from disclosure by the terms of this Stipulation.

7. Notwithstanding paragraph 5(d), the parties may examine witnesses at a deposition or trial relating to compensation for the expert's opinion, study, or testimony in this case only.

ACTIVE/121021626.4

8. Absent good cause, no subpoena shall be served on any witness deignated as a testifying expert.

9. The parties agree that expert depositions shall not be counted toward the parties' deposition limits.

10. FRCP 26(b)(4)(E) shall not require the party seeking discovery to pay the other party any portion of the fees and expenses incurred by the latter party in responding to discovery or in obtaining facts and opinions from the expert.

11. No party may, by interrogatories, deposition, or examination at a hearing or trial, discover facts known or opinions held by an expert or consultant who has been retained or employed by another party in anticipation of litigation, or to prepare for trial, who is not expected to be called as a witness at deposition or trial, without the express written consent and authorization of the party or parties employing such expert, or pursuant to an order of the Court.,

SO ORDERED.

Dated ___December 6___, 2023

_____
Special Master Faith Hochberg

| | |
|---|---|
| s/ *James E. Cecchi* | s/ *Alicia Rubio-Spring* |
| James E. Cecchi | Liza M. Walsh |
| Lindsey H. Taylor | Christine I. Gannon |
| Kevin G. Cooper | Jessica K. Formichella |
| CARELLA, BYRNE, CECCHI, | Walsh Pizzi O'Reilly Falanga LLP |
| OLSTEIN, BRODY & AGNELLO, P.C. | Three Gateway Center |
| 5 Becker Farm Road | 100 Mulberry Street, 15th Floor |
| Roseland, NJ 07068 | Newark, NJ 07102 |
| (973) 994-1700 | (973) 757-1100 |
| jcecci@carellabyrne.com | lwalsh@walsh.law |
| ltaylor@carellabyrne.com | cgannon@walsh.law |
| kcooper@carellabyrne.com | jformichella@walsh.law |
| | |
| *Liaison Counsel for* | Christopher T. Holding *(pro hac vice)* |
| *Direct Purchaser Class Plaintiffs* | Daryl L. Wiesen *(pro hac vice)* |
| | Alicia Rubio-Spring *(pro hac vice)* |
| Thomas M. Sobol | Goodwin Procter LLP |
| Rachel Downey | 100 Northern Avenue |
| HAGENS BERMAN SOBOL SHAPIRO LLP | Boston, MA 02210 |
| 1 Faneuil Hall Sq., 5th Floor | (617) 570-1947 |
| Boston, MA 02109 | cholding@goodwinlaw.com |
| (617) 482-3700 | dwiesen@goodwinlaw.com |
| tom@hbsslaw.com | |
| racheld@hbsslaw.com | Brian T. Burgess *(pro hac vice)* |
| | Katherine Cheng *(pro hac vice)* |
| Whitney Street | Goodwin Procter LLP |
| HAGENS BERMAN SOBOL SHAPIRO LLP | 1900 N Street, NW |
| 715 Hearst Ave, Suite 300 | Washington, DC 20036 |
| Berkeley, CA 94710 | bburgess@goodwinlaw.com |
| (925) 204-9959 | |
| whitneyst@hbsslaw.com | *Attorneys for Defendants* |
| *Interim Lead Class Counsel for* | *Teva Pharmaceuticals Industries Ltd.,* |
| *Direct Purchaser Class Plaintiffs* | *Teva Pharmaceuticals USA, Inc.,* |
| | *Teva Neuroscience, Inc., and* |
| s/ _Christopher A. Seeger___ | *Teva Sales & Marketing, Inc.* |
| Christopher A. Seeger | |
| Jennifer R. Scullion | |
| Seeger Weiss LLP | |
| 55 Challenger Road | |
| Ridgefield Park, NJ 07660 | |
| (973) 639-9100 | |
| cseeger@seegerweiss.com | |
| jscullion@seegerweiss.com | |
| | |
| *Liaison Counsel for the* | |
| *Third-Party Payor Class Plaintiffs* | |

ACTIVE/121021626.4

Sharon K. Robertson
Donna M. Evans
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797
srobertson@cohenmilstein.com
devans@cohenmilstein.com

Archana Tamoshunas
TAUS, CEBULASH & LANDAU, LLP
123 William Street, Suite 1900A
New York, NY 10038
212-931-0704
646-873-7651 (direct)
atamoshunas@tcllaw.com

Kenneth A. Wexler
Justin N. Boley
Tyler Story
WEXLER BOLEY ELGERSMA LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
(312) 346-2222
kaw@wbe-llp.com
jnb@wbe-llp.com
tjs@wbe-llp.com

*Interim Co-Lead Counsel for
the Third-Party Payor Class Plaintiffs*

ACTIVE/121021626.4