IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: COPAXONE ANTITRUST LITIGATION | Master Docket No. 2:22-cv-1232 (JXN/JSA) |

| | |
|---|---|
| MYLAN PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS INDUSTRIES LTD, TEVA PHARMACEUTICALS USA, INC., TEVA NEUROSCIENCE, INC., and TEVA SALES & MARKETING, INC., <br><br> Defendants. | Civil Action No. 2:21-cv-13087 (JXN/JSA) |

**Report & Recommendation No. 1 re: Case Schedule**

On November 18, 2024, the Parties jointly submitted to the Court a proposed case schedule, with large areas of agreement as to the proposed deadlines, as well as certain areas of disagreement. The Court entered a text order stating that, "consistent with the previously entered Order Appointing Special Master of 8/21/23, the parties are directed to present their letter and proposed order to the court-appointed Special Master for her consideration." *In re Copaxone*

*Antitrust Litig.*, 2:22-cv-01232-JXN-JSA, ECF No. 124; *Mylan Pharmaceuticals Inc. v. Teva Pharmaceuticals Industries Ltd. et. al*, 2:21-cv-13087, ECF No. 155.

Accordingly, the Parties submitted the joint letter concerning the case schedule to the Special Master. The letter has been jointly submitted by all Parties in the above-captioned matters: Plaintiff Mylan Pharmaceuticals Inc. ("Mylan"); the Third-Party Payor Plaintiffs and the Direct Purchaser Plaintiffs (collectively, the "Class Plaintiffs"); and Defendants Teva Pharmaceuticals Industries Ltd., Teva Pharmaceuticals USA, Inc., Teva Neuroscience, Inc., and Teva Sales & Marketing, Inc. (collectively, "Teva").

The Parties' joint efforts to agree upon many of the scheduling issues is commendable. The Special Master has reviewed the letter and understands each Party's position on these matters. Specifically, the Parties' positions are as follows:

The Parties are all in agreement to set case schedule deadlines through summary judgment briefing, inclusive of fact discovery, class certification (where applicable), expert discovery, and *Daubert* motions. The Parties all agree that summary judgment motions and *Daubert* motions should be briefed between May and August 2026.

Mylan seeks slightly different fact discovery deadlines than Teva and the Class Plaintiffs. Mylan seeks one additional month to substantially complete document productions and for the end of fact discovery.

The biggest area of disagreement between the Parties is that Mylan and the Class Plaintiffs request that the Court set a trial date now, whereas Teva argues that it is premature at this stage to set a trial date. Mylan and the Class Plaintiffs request a trial date of December 1, 2026 (which is only four months after the parties propose to complete summary judgment and

2

*Daubert* briefing).  Teva argues that, even if the Court were to set a trial date now, it should be at least six months after the Court has ruled on the summary judgment and *Daubert* motions.

The Special Master, having considered the Parties' positions and the most efficient manner of case management, recommends as follows:

Mylan's request for a modest amount of additional time to complete document productions and fact discovery is granted.  The deadlines sought on these events by Mylan shall be the applicable deadline in all cases.  This modest amount of additional time will not impact the other agreed-to deadlines.  If Teva and the Class Plaintiffs prefer to complete discovery before these deadlines, they may do so.

All Parties agree that all discovery requests should be served at least 60 days before the fact discovery cutoff.  All Parties further agree that all fact witness depositions should be cross-noticed and occur only once in *In re: Copaxone Antitrust Litigation*, No. 2:22-cv-01232 (D.N.J.) and *Mylan Pharms. Inc. v. Teva Pharms. Indus. Ltd.*, No. 2:21-cv-13087 (D.N.J.) (collectively, the "New Jersey Cases").

The Parties disagree as to whether fact witness depositions should be coordinated across the New Jersey Cases and *Blue Cross and Blue Shield of Vermont v. Teva Pharmaceutical Industries Ltd.*, No. 5:22-cv-00159 (D. Vt.) (the "Vermont Case") or *King County et. al v. Teva Pharmaceutical Industries Ltd et. al.*, 2:21-cv-477 (W.D. Wash.) (the "Washington Case").  If the Parties cannot come to agreement on this issue, all Parties shall, not later than 30 days before the commencement of depositions of the affected fact witnesses, jointly present their respective positions concerning coordination of the New Jersey Cases with the Vermont Case and Washington Case to the Special Master, using the same "Redfern Chart" procedure as has been used to present certain issues argued by the Parties in connection with Teva's motions to dismiss:

3

the Parties shall present their positions in a single document setting forth the issue and each Party's position. No Party shall try to squeeze a letter brief into a column on the Chart; any Party that so wishes may submit a 3-page (double-spaced) letter brief to supplement the issues presented in the Chart. If a letter brief is submitted, it shall be in numbered paragraphs that correspond to the numbering format on the Chart, and shall be submitted on the same date as the Chart is submitted jointly by the Parties.

The Parties also disagree as to whether expert witness depositions should be coordinated across the New Jersey Cases, the Vermont Case, and the Washington Case. If the Parties cannot reach agreement on this issue, the Parties may jointly present a motion to the Special Master setting forth their disputes about potential coordination of the expert depositions in the New Jersey Cases, the Vermont Case, and the Washington Case in the "Chart" format, with accompanying 3-page letter briefs in the same manner as set forth regarding fact witness depositions in the preceding paragraph. Any such motion to the Special Master shall be jointly presented not later than 30 days prior to the commencement of the expect depositions. In light of expert witness schedules, presentation of such disputes as early as possible is recommended.

No trial date shall be set at this time; it shall ultimately be set by the Court. Given the complexity of these cases, many parties, many issues, and significant number of case events that require action by the Court, as well as the parties—class certification, summary judgment, and potential *Daubert* rulings—it is premature to schedule a trial at this time. The scope of the case is likely to evolve as discovery is completed, dispositive motions are filed, the Court decides when to schedule oral argument, and the Court renders its rulings on these pre-trial motions.

Accordingly, the case schedule in these cases shall be as follows:

Teva shall serve answers to the complaints within 14 calendar days after Special Master Hochberg issues a decision on the motions to dismiss.

The Parties shall begin rolling document productions in response to first set of requests for production of documents not later than December 20, 2024.

The Parties shall substantially finalize their lists of initial custodians and search terms by January 10, 2025.

Teva shall serve amended answers to the complaints, if any, within 30 calendar days of Mylan/the Class Plaintiffs filing amended pleadings.

Document productions shall be substantially completed by May 23, 2025.

The deadline to amend pleadings or add parties, claims, or defense, except upon a showing of good cause shall be 60 days after Special Master Hochberg issues a decision on the motion to dismiss.

The end of fact discovery (inclusive of document discovery and fact depositions) shall be September 19, 2025.

Parties shall serve expert report(s) on merits issues on which they bear the burden of proof on November 21, 2025.

Class Plaintiffs shall file motions for class certification and supporting class expert reports on December 5, 2025.

Parties shall serve responsive merits expert reports on January 30, 2026.

Teva shall file oppositions to Class Plaintiffs' motions for class certification and responsive class expert reports on February 13, 2026.

The Parties shall serve replies on merits expert reports on March 13, 2026.

5

Class Plaintiffs shall file replies in support of motions for class certification and rebuttal class expert reports on March 27, 2026.

The hearing on class certification motions shall be scheduled at the convenience of the Court.

The close of expert discovery shall be April 24, 2026.[1]

The Parties shall file Rule 56 and *Daubert* motions on May 25, 2026.

The Parties shall file Rule 56 and *Daubert* oppositions on July 16, 2026.

The Parties shall file Rule 56 and *Daubert* replies on August 14, 2026.

The hearing on Rule 56 and *Daubert* Motions shall be scheduled at the convenience of the Court.

The Parties shall present their positions on the remaining pre-trial scheduling dates to the Special Master 30 days after the Court's ruling on Rule 56 and *Daubert* motions.

The Parties shall exchange Rule 26(a)(3) pretrial disclosures and preliminary trial memoranda 90 days after Court rules on Rule 56 and *Daubert* motions.

Trial dates shall be scheduled at the convenience of the Court.

/s/ *Faith S. Hochberg*       November 25, 2024
Faith S. Hochberg, U.S.D.J. (Ret.)      Date
Special Master

---

[1] All Parties agree that all merits expert witness depositions should be cross-noticed in the New Jersey Cases. All Parties further agree that expert witnesses should be deposed only once absent good cause, whether after the expert's initial report or rebuttal report as the noticing party chooses. Good cause for additional depositions of an expert expressly includes multiple depositions of experts that issue multiple reports (*e.g.*, an opinion on the merits and an opinion on class certification issues; or an opinion on market power and an opinion on anticompetitive effect) or offer new opinions on rebuttal.