**WALSH PIZZI O'REILLY FALANGA**

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

**VIA ECF & EMAIL**

July 1, 2025

Hon. Faith S. Hochberg (ret.), Special Master
870 United Nations Plaza, Suite 12F
New York, New York 10017

Re: *In re Copaxone Antitrust Litig.*, **Civil Action No. 2:22-1232 &** *Mylan Pharms. Inc. v. Teva Pharms. Indus. Ltd., et al.*, **No. 2:21-cv-13087**

Dear Judge Hochberg:

The Teva Defendants respectfully request this Court resolve three outstanding disputes regarding the Parties' disparate deposition proposals. Teva seeks to include the following provisions in the parties' deposition protocol: that, by default, the **length of depositions** of witnesses cross-noticed by plaintiffs in the substantially similar Vermont actions are, absent agreement or a Court order, limited to seven hours **(Dispute #1)**; that **deposition transcripts** may be equally used by the parties across the cases **(Dispute #2)**; and that Teva's 30-deposition limit does not include **depositions of former Teva employees cross-noticed** by Teva (either in this action or the Vermont actions)[1] **(Dispute #3)**.

For years, Teva has raised concerns about the potential inefficiency and unnecessary burden to witnesses (for Teva, most of whom are now former employees) if Plaintiffs from the New Jersey and Vermont cases were unwilling or unable to coordinate in discovery. After the District of Vermont ruled on Teva's motion to dismiss the BCBSVT action in early 2024, to maintain coordinated discovery, Teva agreed voluntarily to open discovery in the New Jersey actions so that they would stay coordinated with Vermont. C. Holding Ltr. (Apr. 5, 2024); C. Holding Ltr. (Apr. 30, 2024) (agreeing to "serve responses and objections to requests for production from all Plaintiffs"). Teva made clear in opening discovery that it "intends to make any witness available for a single deposition to be cross-noticed in all of these actions."

Thus, even before Your Honor issued any rulings on Teva's motions to dismiss, Teva was working with Plaintiffs to ensure total ability to coordinate discovery among the New Jersey and Vermont actions. The schedules in Vermont and New Jersey are currently aligned, and Teva has produced the same documents to all Plaintiffs. There is perhaps no better situation to coordinate depositions and reduce burden on individual witnesses. So, when Vermont plaintiffs first requested deposition dates, Teva quickly reached out to all Plaintiffs to coordinate. Ex. 1 (email chain dated May 30, 2024). Despite substantial effort by Teva to reach a global agreement, Plaintiffs are either unwilling or unable to come to an agreement aligning depositions across all pending cases.

Teva's positions in each of the disputes below flow from this context. Global coordination

---

[1] *Blue Cross & Blue Shield of Vt. v. Teva Pharm. Indus., Ltd.*, No. 5:22-cv-159 (D. Vt.) ("BCBSVT action"); *Walgreen Co. v. Teva Pharms. Indus., Ltd.*, No. 2:25-cv-372 (D. Vt.) ("Retailer action").

Hon. Faith S. Hochberg
July 1, 2025
Page 2

would be preferrable, but barring that, Teva has made modest proposals that reduce the burden on its former-employee witnesses while also not prejudicing Teva from the lack of coordinated proceedings in the New Jersey and Vermont actions. *See* Fed. R. Civ. P. 1 ("These rules … should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

**Dispute #1 – Length of Depositions.**

Teva requests that the default length for all depositions across these cases, even if the witness is noticed in both the Vermont and New Jersey actions, be set at one seven-hour day, except to the extent the parties modify this time limit after conferring in good faith. This provision is consistent with the Federal Rules limiting the length of depositions and the burdens on nonparties. Fed. R. Civ. P. 30(d)(1), 45(d)(1). Teva's concern is real: at present the Vermont and New Jersey cases have overlapping deposition requests for at least six witnesses. And despite the overlap of factual and legal issues, plaintiffs in New Jersey and Vermont separately insist that they "are entitled to at least seven hours of deposition." Ex. 2 (email chain of June 27, 2025). As an example, Dalton Tomlinson, a retired former-employee of Teva, was noticed by both BCBSVT (for July 17) and New Jersey plaintiffs (for July 18). Mr. Tomlinson already testified at a full-day deposition in the U.S. D.O.J. action concerning Copaxone-related Anti-Kickback Statute allegations, and all parties have this transcript. There is no basis for him to sit for ***two*** more full-day depositions to answer questions about overlapping issues.

Plaintiffs' contrary position is unreasonable and inefficient. *See* Fed. R. Civ. P. 1. Subjecting witnesses to multiple rounds of depositions where "[s]ignificant overlap exists between the various Parties' antitrust claims" would be "impractical, and lead[] to a waste of time." *In re Revlimid & Thalomid Purchaser Antitrust Litig.*, 2024 WL 1624771, at *3 (D.N.J. 2024) (Hochberg, J.) (prohibiting "pre-ordained right to take a second deposition"). While *In re Revlimid* concerned already-coordinated actions, courts have ordered limited or coordinated depositions due to depositions taking place in other districts. *See Castillo v. Shippensburg Urb. Devs., Inc.*, 2022 WL 3913387, at *5 (M.D. Pa. 2022) (two cases in E.D. Pa., one case in M.D. Pa.). Even if the various plaintiffs cannot agree to share time, the Court may order ***reduced*** time at depositions. *City of New York v. A-1 Jewelry & Pawn, Inc.*, 2008 WL 346366, at *5-6 (E.D.N.Y. Feb. 6, 2008); *Glencore Ltd. v. Louis Dreyfus Co. B.V.*, 2025 WL 856116, at *5 (S.D.N.Y. Mar. 19, 2025).

Plaintiffs concern about being unable to share time with Vermont plaintiffs is beside the point. Teva has requested the same order for "a presumptive time limit of 7 hours" in Vermont. Ex. 3 ¶ 2 (draft protocol redline; note: non-redlined text is agreed). If the parties cannot share examination, they can split the time (*e.g.*, 3.5 hours and 3.5 hours) or seek a second, shorter deposition after the first deposition. *See Glencore*, 2025 WL 856116, at *5. Teva recognizes some witnesses may require more time and will confer in good faith to discuss the individualized needs for a given witness. As a general rule, however, Plaintiffs' should not benefit from their lack of coordination by forcing every witness to sit for 14 hours of deposition testimony.

**Dispute #2 – Use of Deposition Transcripts Across Actions.**

ACTIVE/201264868.4

Hon. Faith S. Hochberg
July 1, 2025
Page 3

Because of the overlapping issues, Teva requests that the deposition protocol permit testimony elicited in a deposition noticed in the Vermont proceedings be available for use in the New Jersey proceedings, including as deposition designations, consistent with Fed. R. Civ. P. 32. Arguably, Rule 32 already applies: Teva has agreed with BCBSVT that they will each share deposition notices of Teva employees (current or former) with the New Jersey plaintiffs. Ex. 3 ¶ 2. Thus, Plaintiffs will at least have "reasonable notice of" the depositions in the Vermont actions consistent with the Rule. Plaintiffs' contrary citation to *Ingenico Inc. v. Ioengine, LLC*, 2022 WL 22835287 (D. Del. July 5, 2022), is inapposite. They ignore the binding Third Circuit precedent of *Lloyd v. Am. Exp. Lines, Inc.*, 580 F.2d 1179 (3d Cir. 1978) (cited by *Ingenico*).

*Lloyd* applied Rule 32's "successors in interest" requirement in a "practical and expedient" way: if "it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have" then Rule 32 permits introduction of the deposition transcript. *Id.* at 1187; *see also Clark v. Prudential Ins. Co. of Am.*, 289 F.R.D. 144, 175 (D.N.J. 2013) (applying *Lloyd* to deposition taken in litigation 20 years prior). That is this case. BCBSVT is seeking to represent a purported class of indirect purchasers for literally the same conduct (in addition to earlier-in-time allegations) raised by TPPs in their New Jersey complaint.

The alternative would allow Plaintiffs, through strategic choices, to deny Teva the ability to use the testimony of its former employees at trial by not "appearing" at depositions taken in Vermont. Because *Teva* will be present at all depositions, Plaintiffs likely can use any testimony of any Teva witness taken in the Vermont actions. And Plaintiffs here could request Vermont plaintiffs ask particular questions of witnesses (likely under common interest privilege) or know that, due to the overlapping issues, Vermont counsel will obtain similar discovery. Or Plaintiffs could wait to review the transcripts and notice only individuals for whom they have additional questions. Plaintiffs, thus, get the benefit of Vermont's extra testimony. If Teva is not equally able to use testimony of deponents at trial, then Plaintiffs could pick and choose testimony from the Vermont-noticed depositions to admit in a one-sided fashion. Such a result lacks parity and would be highly prejudicial, rewarding Plaintiffs for failing to coordinate with the Vermont actions.

**Dispute #3 – Teva's Ability to Separately Cross-Notice Former Employees.**

Teva requests that its 30-deposition limit not include any cross-noticed depositions of former Teva employees. Plaintiffs face no additional burden if this is permitted.

This provision is necessary to allow for fair use of the examinations of witnesses deposed across these overlapping cases. Contrary to Plaintiffs' suggestion, Teva does not intend to conduct separate, full-day affirmative depositions of its former employees through cross-noticing. Instead, cross-noticing is another mechanism to use the testimony of its former employees across the New Jersey and Vermont cases. Teva should not be prejudiced by Plaintiffs' choice to proceed separately; if Plaintiffs wish to use the Vermont depositions without formally noticing the same witnesses, then Teva should in fairness have the ability to cross-notice these witnesses and have access to their testimony in all actions—as would have been the case if all Plaintiffs had coordinated. Absent the requested relief Teva will be significantly prejudiced.

Hon. Faith S. Hochberg
July 1, 2025
Page 4

                                                            Respectfully submitted,
                                                            <u>s/ *Liza M. Walsh*</u>

cc: Counsel of Record (via ECF and Email)